IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---------------------------------------------------    :
                                                       :
GARY D. YESCHICK,                                      :  CASE NO. 1:03 CV 02510
                                                       :
                                       Plaintiff,      :
                                                       :
              -vs-                                     :  OPINION AND ORDER GRANTING
                                                       :  DEFENDANT'S MOTION FOR
NORMAN Y. MINETA, SECRETARY OF                         :  SUMMARY JUDGMENT
TRANSPORTATION                                         :
                                                       :
                                       Defendant.
---------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is defendant's "Motion to Dismiss and Alternative Motion for Summary Judgment." (Docket No. 27).

On 9 December 2003, plaintiff Gary Yeschick filed a complaint against defendant Norman Mineta, Secretary of Transportation, alleging violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq., as amended ("ADEA"). (Docket No. 1).  Defendant filed a motion to dismiss on 4 February 2004, asserting that Mr. Yeschick failed to timely exhaust his administrative remedies.  (Docket No. 5).  This Court denied the motion because it was impossible to determine whether or not Mr. Yeschick had satisfied those requirements at that early stage in the litigation.  (Docket No. 9).  On 2 December 2004, defendant filed a motion to bifurcate discovery.  (Docket No. 21).  In an order dated 20 January 2005, the Court limited the scope of initial discovery and ordered the defendant to file a dispositive motion on or before 6 May

2005 if he intended to pursue his arguments challenging the plaintiff's constitutional standing or the plaintiff's failure to exhaust the required administrative remedies. (Docket No. 26). Secretary Mineta subsequently filed this motion to dismiss or for summary judgment which asserts the plaintiff lacks standing and the court lacks subject matter jurisdiction; the plaintiff failed to timely pursue his discrimination claim with the Equal Employment Opportunity Commission ("EEOC"); and the defendant is entitled to judgment as a matter of law because the plaintiff cannot prove a prima facie case of age discrimination. (Docket No. 27). The plaintiff filed a memorandum in opposition, and the defendant has replied. (Docket Nos. 31 and 35).

For the reasons set forth below, the Court finds that the defendant is entitled to judgment as a matter of law.

## I. BACKGROUND

Plaintiff Gary Yeschick was employed by the Federal Aviation Administration ("FAA") as an air traffic control specialist from 1974 to 1981 when he was terminated by President Reagan for participating in a strike, along with fellow members of the Professional Air Traffic Controllers Organization ("PATCO"). Yeschick v. Mineta, EEOC Appeal No. 01A33051, 2003 WL 22169499 (10 September 2003)(hereinafter "EEOC Appeal"). In 1993, Mr. Yeschick applied for re-employment with the FAA after President Clinton lifted the ban on re-employment of former PATCO air traffic control specialists who had participated in the strike. Id. Mr. Yeschick was forty-two years of age at the time he submitted his application. (Docket No. 27, Def.'s Ex. F Attach. 2)

From the time Mr. Yeschick submitted his application for re-employment in 1993

2

until the time he filed his complaint in 2002, he had no contact with the FAA regarding his application status (Docket No. 34 at 4).  On 1 June 1995, the FAA sent Mr. Yeschick a letter to update him on possible employment opportunities as an air traffic control specialist and to provide him with current contact information for the FAA Aviation Careers Division. (Docket No. 27, Def.'s Ex. F, Attach. 4).  The letter was returned by the United States Postal Service to the FAA and stamped "Return to Sender – Forwarding Order Expired."  Id.  Mr. Yeschick had moved twice since applying for re-employment with the FAA, once in 1994 and again in 1997, but he failed to notify the FAA of his change of address on either occasion.  (Docket No. 27, Def.'s Ex. E, Yeschick Trans. at 13, 65).

On 18 March 1997 and 29 January 1998, Mr. Yeschick's application was referred to the Cleveland Air Traffic Control Center for employment consideration.[1] (Docket No. 31, Pl.'s Ex. D).  Mr. Yeschick was not selected for employment on either occasion.  In 2000, the FAA determined Mr. Yeschick's application to be "inactive" because the Agency did not have a current address for him.  As such, the FAA ceased to include his application in any future referral lists.  (Docket No. 27, Def.'s Ex. F, Johnson Decl. ¶ 12, 15).

On or about 21 September 2002, James Guidish, another former PATCO air traffic control specialist, informed Mr. Yeschick that the FAA Cleveland Air Traffic Control Center had recently hired individuals younger than the plaintiff in air traffic

---

[1] When an FAA facility had vacancies and the authority to hire, the facility would request a list of applicants from the FAA's Office of Human Resource Management. (Docket No. 27, Def.'s Ex. F, Johnson Decl. ¶ 10).

3

control specialist positions.  (Docket No. 34 at 4).  Because Mr. Yeschick believed that he was as qualified, if not more qualified, than those individuals hired, he contacted an Equal Employment Opportunity ("EEO") counselor on 3 October 2002 to report the alleged discriminatory conduct.  Id.

On 21 March 2003, the EEOC dismissed Mr. Yeschick's discrimination complaint for untimely EEO counselor contact pursuant to 29 C.F.R. § 1614.107(a)(1).  EEOC Appeal at 1.  On appeal, the EEOC affirmed its decision to dismiss Mr. Yeschick's complaint, finding that "because complainant waited approximately nine years from the date of his application to bring his claim to the agency's attention, he failed to act with due diligence," and that "[t]he reasons set forth by complainant [did] not justify his delay in contacting an EEO counselor."  Id. at 3.

## II.  STANDARD OF REVIEW

The motion before the Court is labeled a motion to dismiss and alternative motion for summary judgment.  Since both parties submitted materials outside the pleadings, including sworn declarations from witnesses, deposition transcripts, and other documentary evidence, the defendant's motion is properly converted into a motion for summary judgment.

Summary judgment is appropriate if the evidence in the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In considering a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475

U.S. 574, 587 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex v. Catrett, 477 U.S. 317, 323 (1986); Betkerur v. Aultman Hosp. Ass'n., 78 F.3d 1079, 1087 (6th Cir. 1996). The non-moving party must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex, 477 U.S. at 324 (internal quotations and citations omitted).

As summary judgment is a mechanism to dispose of "factually unsupported claims or defenses," Celotex, 477 U.S. at 323-24, the rule is proper only when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1480 (6th Cir. 1989).

### III. LAW AND ARGUMENT

At issue before the Court is whether the plaintiff has standing to sue, whether the plaintiff timely exhausted required administrative remedies, and whether the plaintiff satisfied the required elements for a prima facie case of age discrimination. Although the plaintiff meets the requirements for constitutional standing, the evidence before the Court clearly demonstrates that he did not timely contact the EEO counselor as required by 29 C.F.R. § 1614.105(a)(1), and that he cannot satisfy the elements of the prima facie case.

#### A. Standing

The threshold test for determining standing is one of "injury in fact." Senter v.

General Motors Corp., 532 F.2d 511, 517 (6th Cir. 1976). At the summary judgment stage of litigation, the plaintiff must produce "some proof . . . demonstrating that he was injured by an alleged illegal practice. Phillips v. Cohen, 400 F.3d 388, 396 (6th Cir. 2005)(internal quotations and citations omitted). Thus, to establish constitutional standing in an ADEA claim, the plaintiff must demonstrate that he was "personally injured by the defendant's alleged discrimination and that his injury will likely be redressed by the requested relief." Id.

Mr. Yeschick satisfied both the injury in fact and redressibility requirements for standing. Evidence in the court record indicates that the plaintiff was over the age of 40 at the time he filed his application for re-employment, therefore placing him in the protected class.[2] The Court record further contains a list of individuals Mr. Yeschick asserts were hired instead of him because they were substantially younger in age. These two facts allege an injury personal to the plaintiff. Furthermore, Mr. Yeschick's complaint seeks injunctive relief in the form of employment and monetary damages. Such relief, were plaintiff to be successful on the merits of the case, would redress the injury complained of. For these reasons, the Court finds that Mr. Yeschick has standing to raise an age discrimination claim under the ADEA.

### B. EEOC Exhaustion Requirements

Did the plaintiff timely contacted an EEO counselor in accordance with 29 C.F.R.

---

[2] The protected class in age discrimination cases includes all workers at least 40 years of age. Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003).

§ 1614.105(a) prior to suing the defendant?[3]  Before a plaintiff may file a lawsuit under the ADEA, he must first satisfy "rigorous administrative exhaustion requirements and time limitations."  Steiner v. Henderson, 354 F.3d 432, 436 (6th Cir. 2003)(internal quotations and citations omitted).  An individual alleging age discrimination must contact an EEO counselor within forty-five days of the alleged discriminatory act.  29 C.F.R. § 1614.105(a)(1).  "Failure to do so is cause for dismissal of the complaint by the agency, . . . as well as by the district court."  Steiner, 354 F.3d at 435.  Plaintiff Yeschick failed to timely contact an EEO counselor within forty-five days of the alleged discrimination, and such failure entitles the defendant to judgment as a matter of law.

Although courts recognize the possibility of equitable tolling of the forty-five day requirement, the Supreme Court makes clear that such tolling is permitted "sparingly," and only where the claimant exercised due diligence in preserving his legal rights.  Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990).  For example, courts have permitted tolling where a motion for appointment of counsel was pending, where the complainant actively pursued his judicial remedies but filed a defective pleading, or the claimant was induced by the defendant's misconduct into allowing a statutory period to pass.  Id.; Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984).

Based on the evidence in the court record, it is clear that  the circumstances in

---

[3] The defendant presented this same issue to the Court in a motion to dismiss filed earlier in the litigation process.  (Docket No. 5).  The Court denied the motion because, at that stage in the litigation, it was not possible to rule based solely on the statements in plaintiff's complaint.  The issue is now ripe for review as both parties have had the opportunity to produce sufficient evidence for the Court to decide the issue.

this case do not entitle him to equitable tolling. The plaintiff offered evidence demonstrating that the FAA hired individuals younger than the plaintiff within forty-five days of his meeting with the EEO counselor, and he argues that these hirings constitute unlawful discrimination against him. (Doc. No. 31, Pl.'s Ex C). The flaw in this reasoning is that the plaintiff ceased to have a valid, active application with the FAA *as of 2000.* Mr. Yeshick moved twice after submitting his application for re-employment, but because he never informed the FAA of his current contact information, the FAA elected to no longer consider him for employment. (Docket No. 27, Def.'s Ex. F, Johnson Decl. ¶ 12, 15). Thus, at the very latest, the forty-five day clock would have started ticking when the FAA decided Mr. Yeschick was no longer a valid candidate for employment back in 2000.

The evidence offered to the Court does not support relief in the form of equitable tolling. The defendant did not mislead the plaintiff in any way that would have induced him to miss the forty-five day period, nor did the plaintiff act with due diligence. To the contrary, Mr. Yeschick neglected to follow-up or contact the FAA with respect to his application for almost a decade, and he failed to update his application by supplying his current address. For these reasons, the defendant is entitled to judgment as a matter of law.

**C. Merits of the claim**

Even if plaintiff had timely contacted the EEO counselor, the defendant would still be entitled to judgment as the plaintiff cannot establish a prima facie case for age discrimination. In an ADEA case, the plaintiff carries the "ultimate burden of persuasion

8

to establish by a preponderance of the evidence that . . . he was not hired because of his age."  Wilkins v. Eaton Corp., 790 F.2d 515, 520 (6th Cir. 1986).  "In order to make out a prima facie case of age discrimination in a failure-to-rehire situation, a plaintiff must [establish]: (1) that he is a member of the protected age group; (2) that he is qualified for the rehire or recall position; (3) that he applied for the available position or can establish that the employer was otherwise obligated to consider him; and (4) that the position went to a younger individual outside the protected class or that other reasonable evidence exists for inferring that the was denied a position because of his age."  Wanger v. G.A. Gray Co., 872 F.2d 142, 145 (6th Cir. 1989).

In a discrimination case involving a failure-to-hire claim, the claimant cannot establish his prima facie case unless he can demonstrate that his desire for employment was made known to the employer.  Id. at 147.  The Sixth Circuit held that a company's policy of systematically excluding from consideration all job applications that date more than one year back does not constitute discrimination against black applicants.  Williams v. Hevi-Duty, 819 F.2d 620, 627 (noting that the applicants had no basis to assume that their applications for employment would "remain active in perpetuity").  In Williams, the employer had a large pool of potential applicants for a small number of available positions, and the company elected to only consider for employment those applications submitted in the previous twelve months.  Id. at 629.  The Sixth Circuit concluded that this policy was not a "device to discriminate," and that because the plaintiff's application was more than one year old when the hiring decision was made, the plaintiff failed to establish a prima facie case of discrimination because he did not have a valid application on file.  Id.   Williams is instructive in the case now

9

before the Court.

Mr. Yeshick cannot sustain his burden of establishing a prima facie case of age discrimination because he failed to proffer evidence that he had a valid, active application for employment filed with the FAA at the time the Administration is alleged to have discriminated against him. The plaintiff contends that the FAA discriminated against him when it failed to refer his application for consideration of employment between 2000 and 2002. (Doc No. 34 at 5, 7-8). The evidence before the Court, however, demonstrates that Mr. Yeschick did not have a valid application on file between 2000 and 2002. Like the employer in Williams, the FAA had a large pool of applicants for a limited number of positions, and, in 2000, the Administration took steps to reduce the size of applicants by placing those applications missing current contact information on inactive status. (Docket No. 27, Def.'s Ex. F, Johnson Decl. ¶ 12). Because Mr. Yeschick failed to notify the FAA of his change of address, the FAA elected to not consider him for future employment. Id. Thus, contrary to Mr. Yeschick's claim that he was not hired because of his age, the evidence demonstrates that Mr. Yeschick was not hired because the FAA had not considered him for employment since 2000 because it had no way to contact him.

As the plaintiff cannot sustain his burden of persuading the Court that he had a valid application for employment before the FAA at the time the alleged discriminatory acts occurred, defendant is entitled to judgment as a matter of law.

### IV. CONCLUSION

For the reasons set forth above, the Court concludes that there is no genuine

10

issue as to any material fact and that the defendant is entitled to judgment as a matter of law.  The motion for summary judgment is granted.

     IT IS SO ORDERED.

                                                   <u> /s/ Lesley Wells               </u>
                                                   UNITED STATES DISTRICT JUDGE

Dated: <u>27 September 2006</u>