UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------
| | |
|---|---|
| GARY D. YESCHICK | : CASE NO. 1:03 CV 02510 |
| Plaintiff, | : |
| -vs- | : MEMORANDUM OF OPINION AND |
| | : ORDER GRANTING DEFENDANT'S |
| THE HONORABLE NORMAN Y. MINETA, SECRETARY OF TRANSPORTATION, | : MOTION FOR SUMMARY JUDGMENT |
| Defendant, | |

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

After bifurcated discovery, in which the parties examined questions of standing and exhaustion only, this Court dismissed this age discrimination case on 27 September 2006 (Doc. 39), finding Mr. Yeschick failed to exhaust the required administrative remedies when the Plaintiff failed to timely pursue his discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). By Court Order, the parties conducted discovery only on the questions of exhaustion and standing in Mr. Yeschick's claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq, rather than upon the merits of the claim. (Doc. 26).

Upon appeal, the Sixth Circuit, United States Court of Appeals, reversed this Court's determination, in an opinion on 1 April 2008 (Doc. 43).  The Sixth Circuit found a genuine issue of material fact as to whether Mr. Yeshick was an "active" applicant after 2000, with the result that the Plaintiff could "at minimum, challenge his failure to obtain the position of one of the younger individuals hired as a Controller in the forty-five days immediately preceding his administrative complaint."  (Doc. 43, p. 7).  The Sixth Circuit reversed and remanded this matter for this Court to determine, in the first instance, whether Mr. Yeshick meets the elements of the prima facie case for age discrimination. Id.

Upon remand, this Court held a telephonic scheduling hearing on 15 April 2009 to discuss the necessary merits discovery.  The Court had previously moved the date of this hearing pursuant to Mr. Yeshick's counsel's request.  (Doc. 45).  Nevertheless, Mr. Pulito, Mr. Yeshick's counsel of record, was unavailable and had counsel Holly Weizel make an appearance on his behalf.  The parties agreed to a pre-trial discovery schedule in which fact discovery would be completed by 15 September 2009, and dispositive motions would be submitted to the Court no later than 15 October 2009.

On 10 August 2009 the Defendant filed a motion to compel discovery (Doc. #48) based upon Mr. Yeschick's failure to respond to the "Defendant's First Set of Combined Discovery Requests Including Interrogatories and Request for Production of Documents and Things" (Doc. 47) propounded on 29 April  2009.  Correspondence attached to the Defendant's motion to compel indicate that Mr. Pulito represented he would have all responses to the Defendant the week following his 28 July 2009 letter.  (Doc. 48, Exhibit C).

As no discovery was forthcoming from Mr. Yeshick, the Defendant filed a motion for sanctions on September 30, 2009. (Doc. 50).  The Defendant sought dismissal of this matter for failure to prosecute pursuant to Fed. R. Civ. P. 37 & 41(b), noting that Mr. Yeschick had propounded no discovery pursuant to this Court's scheduling order of 15 April 2009.  Mr. Yeshick filed no response.

Also on 30 September 2009, the Defendant filed a timely  motion for summary judgment (Doc. 51).  In its motion the Defendant challenged Mr. Yeschick's ability to establish the elements of a prima facie case, not only in light of the fact that the Plaintiff propounded no discovery on the merits of the complaint's allegations, but also on the grounds that the Plaintiff could not prove that his age was the "but-for" cause of the FAA's decision to move his application to inactive status, pursuant to the recent decision in Gross v. FBL Financial Services, Inc., 129 S.Ct. 2343, 2351 (2009).  Further, in its motion for summary judgment, the Defendant establishes the FAA's legitimate, non-discriminatory reason for Mr. Yeschick's non-selection, pursuant to the decision in Gray v. Freeman, 626 F.2d 439, 444 (5th Cir. 1980).  Mr. Yeschick does not challenge those reasons as pretextual, as Mr. Yeshick did not respond to the Defendant's motion for summary judgment.

Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).  The moving party has the burden of establishing the "absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the moving party has met its burden, the nonmoving party "must present affirmative evidence on critical issues

sufficient to allow a jury to return a verdict in its favor." Guarino v. Brookfield Township Trustees, 980 F.2d 399, 403 (6th Cir.1992) (citing Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-77 (6th Cir.1989)).

The evidence that the nonmoving party proffers need not be "in a form that would be admissible at trial." Celotex, 477 U.S. at 324, 106 S.Ct. 2548. However, the evidence cannot consist merely of allegations in the pleadings, id. at 325, 106 S.Ct. 2548, nor can it consist merely of affidavits swearing to the truth of facts beyond the affiants' personal knowledge. Sperle v. Michigan Dep't of Corrs., 297 F.3d 483, 495 (6th Cir.2002).

Where no response to a summary judgment motion is properly before a district court, the court is under no duty to "search the entire record to establish that it is bereft of a genuine issue of material fact." Street, 886 F.2d at 1479-80. Rather, the district court may rely upon the facts advanced by the movant. Id. Federal Rule of Civil Procedure 56(e) requires that the nonmoving party's response designate specific facts demonstrating the existence of genuine issues of material fact. Fed.R.Civ.P. 56(e). The nonmoving party is deemed to have waived its opportunity to designate facts in accordance with Rule 56(e) when it fails to properly file a response. Guarino, 980 F.2d at 405. It is not the role of the district court to develop facts for the nonmoving party. Id. at 406.

In this instance, the Defendant filed a timely motion for summary judgment, in which they proffered admissible evidence defeating elements of Mr. Yeschick's claims.[1]

---

[1]To establish a prima facie case of age discrimination, plaintiff bears the burden of demonstrating that (1) she was a member of a protected class; (2) she

The Defendant has provided evidence that other hired individuals were older than Mr. Yeshick, that individuals hired through the Veteran's Readjustment Act ("VRA") and Mid America Resource Consortium ("MARC") programs were not similarly situated, and that the Manager of the FAA's Oberlin facility, Richard Kettle, possessed legitimate non-discriminatory preference for the VRA and MARC graduates, who were certifying quickly and trained on the new air traffic controller equipment present at the Oberlin facility. (Doc. 51).

The ADEA forbids an employer to "fail or refuse to hire or to discharge any individual ... because of such individual's age." 29 U.S.C. § 623(a)(1).  When, as here, the plaintiff relies on circumstantial evidence to allege a disparate-treatment claim under the ADEA, the Sixth Circuit continues to apply the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dept. of Comm. Affairs v. Burdine, 450 U.S. 248 (1981).  See Geiger v. Tower Automotive, 579 F.3d 614, 622 (6th Cir.2009).  The plaintiff must prove that age actually motivated the employer's allegedly disparate treatment.  Ky. Ret. Sys. v. EEOC, 128 S.Ct. 2361, 2366 (2008).  Also, as the Supreme Court recently clarified, "the plaintiff retains the burden of persuasion [under the ADEA] to establish that age was the 'but-for' cause of the employer's adverse action."  Gross v. FLB Fin. Servs., Inc., 129 S.Ct. 2343, 2351 (2009).

---

was qualified for her job; (3) she suffered an adverse employment action; and (4) either she was replaced by a person outside the protected class, or she was treated differently than a similarly situated non-protected employee.  Mitchell v. Toledo Hosp., 964 F.2d 577, 582-83 (6th Cir.1992).

In this instance, Mr. Yeschick failed to participate in the merits discovery of this matter, failed to comply with this Court's scheduling Order, and failed to respond to any motions, dispositive and not, filed before this Court over the past eight months, all without explanation.

Accordingly, as the Court has before it no responsive pleadings from Mr. Yeshick, this Court relies upon the facts supplied by the Defendants, as it may. Further, recalling that Mr. Yeshick must show, and has failed to establish, that his age was "the 'but-for' cause" of the Defendant's adverse action, this Court grants the Defendant's motion for summary judgment.

As this Court grants the Defendant's motion for summary judgment, all other outstanding motions in this matter are moot.  This matter is dismissed in its entirety.

IT IS SO ORDERED.

   /s/Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 14 January 2010