IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

----------------------------------------------------- :
GARY D. YESCHICK,                                     : CASE NO. 1:03 CV 2510
                                                      :
                                       Plaintiff,     :
                                                      :
                    -vs-                              : MEMORANDUM OF OPINION AND
                                                      : ORDER DENYING PLAINTIFF'S
                                                      : MOTION FOR RELIEF FROM
THE HONORABLE NORMAN Y.                               : JUDGMENT
MINETA, SECRETARY OF                                  :
TRANSPORTATION,                                       :
                                                      :
                                       Defendant.
-----------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

After failing to respond to this Court's dispositive motions deadline and the Defendant's motion for summary judgment, Mr. Yeshick's counsel now seeks relief, under Fed. R. Civ. Pr. 60, from the Court's Memorandum of Opinion and Order disposing of the case.  (Doc. 58).  Mr. Yeshick's counsel maintains that his failure to receive electronic notice of filings in this matter was excusable neglect warranting relief from this Court's judgment.  In opposition, the Defendant maintains that Mr. Yeshick's counsel's reason for failing to respond to the Court's Orders, and opposing counsel's

motions, does not amount to excusable neglect under Rule 60, as he has an affirmative duty to correctly maintain his electronic address.  (Doc. 59).

For the reasons set forth below, the Court denies Mr. Yeshick's counsel's motion for relief from judgment.

## I. BACKGROUND

The Court has related the posture of this matter in its 15 January 2010 Memorandum of Opinion and Order granting the Defendant's motion for summary judgment.  (Doc. 56).  Subsequent to that Order, on 23 January 2010, Mr. Yeshick's counsel filed a motion for relief from judgment.  (Doc. 58).  The Defendant filed a response in opposition. (Doc. 59).  Nearly 60 days later, the Defendant filed a motion for leave to file, *instanter*, an amended brief in opposition to Mr. Yeshick's counsel's motion for relief from judgment, along with the opposition brief and a supplement to the amended brief.  (Docs. 60, 61, 62).  The Defendant's motion for leave and amended brief in opposition introduces no new arguments; it will be denied as moot.

## II. LAW AND ARGUMENT

Rule 60(b)(1) provides that "the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).  In order to be granted relief under Rule 60(b)(1), the moving party must demonstrate: "(1) The existence of mistake, inadvertence, surprise, or excusable neglect. (2) That he [or she] has a meritorious defense."  Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160

2

(6th Cir.1980) (citations omitted). Rule 60(b) does not afford defeated litigants a second chance to convince the court to rule in his or her favor by presenting new explanation, new legal theories, or proof. See Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001) (citing Couch v. Travelers Ins. Co., 551 F.2d 958, 959 (5th Cir.1977)). The courts have defined "neglect" to include " 'late filings caused by mistake, inadvertence, or carelessness, as well as intervening circumstances beyond the party's control.' " Id. at 386 (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 388, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)).

The party seeking relief bears the burden of proving both elements. Although Rule 60(b)(1) does not define the term "excusable neglect," the courts have determined the existence of excusable neglect by making an equitable determination based upon the following factors: "(1) the danger of prejudice to the other party, (2) the length of delay, (3) its potential impact on judicial proceedings, (4) the reason for the delay, and (5) whether the movant acted in good faith." Id. (citing Pioneer, 507 U.S. at 395, 113 S.Ct. 1489).

However, where the district court granted summary judgment on the merits, rather than on procedural default, these factors are not controlling. See id., 250 F.3d at 386; Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 333 (6th Cir. 2003) (failing to file a timely response to a motion for summary judgment was inexcusable neglect because, unlike default judgments, the matter had been determined on its merits); Rice v. Consolidated Rail Corp., 67 F.3d 300, 1995 WL 570911, at *6 (6th Cir.1995) (unpublished) (citing Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir.1984) (failure to respond to a motion for summary judgment warrants a finding of inexcusable neglect)).

"An attorney's inexcusable neglect is normally attributed to his [or her] client." Allen v. Murph, 194 F.3d 722, 723 (6th Cir.1999).

Further, Courts in this Circuit have reiterated the affirmative duty of monitoring a case's docket, and denying excusable neglect where, as here, it is evident that lack of notice is the result of counsel's own inaction in failing to monitor the docket or review counsel's current address. See Kahn v. Sulzer Orthopedics, Inc., 498 F.3d 365 (6th Cir. 2007) (denying motion for relief from judgment and determining that a party has an affirmative duty to monitor the progress of her case, especially where the docket is online); Daniels v. Trans Union Credit Bureau, 2007 WL 4180672 (N.D. Ohio 2007); see also McMillian v. District of Columbia, 233 F.R.D. 179 (DDC 2005) (plaintiff's prayer for relief from judgment was denied where plaintiff alleged he did not receive an e-mail notification that defendant filed a motion to dismiss).

Mr. Yeshick's counsel alleges excusable neglect because he was not receiving notice of any filings in this case from 15 May 2009 through 30 December 2009. This occurred when Mr. Yeshick's counsel migrated from one e-mail address to another. In consideration of the standards enunciated in this Circuit, Mr. Yeshick's counsel has not demonstrated that he has established the excusable neglect necessary to warrant relief from this Court's judgment on the merits.

Mr. Yeshick's counsel had an affirmative duty to update his e-mail address and monitor the docket. Further, Mr. Yeshick's counsel was on notice in early July that the Defendant was poised to file a motion to compel because the Plaintiff had not responded to any of the Defendant's interrogatory requests. Pursuant to this Court's 15 April 2009 scheduling hearing, Mr. Yeschick's counsel was also on notice that discovery

4

was closed on 15 September 2009, and that dispositive motions were due no later than 15 October 2009. It is simply not reasonable for Mr. Yeshick's counsel to assume there were no filings in this case during that specific six-month period.

In seeking relief from judgment, Mr. Yeshick's counsel further alleges that, in reviewing his client's case, in Big Sky Drilling, Inc., et. al. V. Center Capital Corporation, 1:09 CV 2235, he "discovered that the 'ginopulto@alltel.net' e-mail address had ceased notification of e-mails, and had bounced all e-mails delivered after May 15, 2009." (Doc. 58, p. 3). Yet, having discovered this issue with his e-mail address thirty-days after the Defendant, *in this matter*, filed its motion for summary judgment, Mr. Yeshick's counsel, nevertheless, did not review the docket, *in this matter*, until after this Court's Memorandum of Opinion and Order granting summary judgment to the Defendant on 15 January 2010. Accordingly, nothing in this series of events would merit the Court finding excusable neglect. See Burnley v. Bosch Americas Corp., 75 Fed. Appx. 329, 333 (6th Cir. 2003) (plaintiff did not exhibit excusable neglect in not responding to defendant's summary judgment motion even though court found he demonstrated good faith because he filed for an extension two days after the court granted defendant's motion for summary judgment).

Moreover, the Court determines that the Defendant would be substantially prejudiced if Mr. Yeshick's counsel's Rule 60(b)(1) motion were granted. The Defendant has expended considerable resources defending this claim over the course of the past seven years. Further, Mr. Yeshick had ample time to conduct discovery and failed to present evidence substantiating his claim of discrimination. The Court granted the Defendant's motion for summary judgment on the merits, after viewing the evidence

in the light most favorable to Mr. Yeshick, and reviewing the relevant case law. Accordingly, Mr. Yeshick's counsel's neglect was inexcusable, and does not warrant relief under Rule 60(b)(1).

### III.  CONCLUSION

For the reasons set forth above, Mr. Yeshick's counsel's motion for relief from judgment is denied.  (Doc. 58). Further, the Defendant's motion for leave to file, *instanter*, an Amended Brief in Opposition to Plaintiff's Motion for Relief from Judgment is denied. (Doc. 60)

IT IS SO ORDERED.

>         /s/Lesley Wells
>    UNITED STATES DISTRICT JUDGE